UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
QUADEAN MORRISON,

       Plaintiff,      17-cv-02609 (NSR)
 -against-           ORDER OF DISMISSAL

DR. RAMINENI M.D.; DR. MAKRAN, M.D.,

       Defendant.
---------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Quadean A. Morrison ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against Dr. Ramineni, M.D. and Dr. Makran, M.D. (together, "Defendants"), alleging that he was denied adequate medical care in violation of his Eight Amendment rights. (*See* Amended Complaint, ("AC"), ECF No. 11.) By Opinion and Order dated December 21, 2018 ("Opinion and Order"), this Court granted Defendants' motion to dismiss the AC pursuant to Federal Rule of Civil Procedure 8, 12(b)(6), and 12(e). (*See* Opinion and Order, ECF No. 25.)

The Court granted Plaintiff leave until February 15, 2019 to file a second amended complaint in accordance with the Court's Opinion and Order. (*See id.*) By letter dated February 6, 2019, Plaintiff requested *pro bono* counsel. (*See* ECF No. 26.) To date, Plaintiff has neither submitted a second amended complaint nor requested an extension of time.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2020

1

the plaintiff's failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks omitted).

Here, Plaintiff has not taken any steps to advance this action for almost a year. Moreover, Plaintiff's failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016). Accordingly, due to Plaintiff's failure to prosecute this action, the action is dismissed pursuant to Fed R. Civ. P. 41(b).

## CONCLUSION

The Clerk of Court is respectfully directed to terminate this action. The Clerk of the Court is further directed to serve a copy of this Order on Plaintiff at the address listed on the docket and file proof of service on the docket.

Dated: January 22, 2020
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

2